UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>c/o United States Attorney's Office,<br>Judiciary Center Building,<br>555 4th Street, N.W.,<br>Washington, DC 20530,<br><br>        Plaintiff,<br><br>        v.<br><br>PROPERTY IDENTIFIED<br>BY THE ADDRESS OF: UNIT 8C,<br>207 WEST CLARENDON AVENUE,<br>PHOENIX, ARIZONA 85013,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

***COMES NOW,*** plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint for forfeiture in a civil action *in rem* against the defendant real property, which is a condominium unit in a building in Phoenix, Arizona, from which law enforcement agents seized a controlled substance possessed with intent to distribute unlawfully and paraphernalia commonly used in the illegal sale of controlled substances. In support of this cause, plaintiff states as follows:

**NATURE OF THE ACTION AND DEFENDANT *IN REM***

1. This is a civil action *in rem* to forfeit and condemn to plaintiff's use and benefit the defendant real property, which is a condominium residence known as Unit 8C at the address of 207 West Clarendon Avenue in Phoenix, Arizona, and its appurtenances and improvements. Plaintiff brings this action pursuant to Title 21, United States Code, Section 881(a)(7), which subjects to

forfeiture to the United States "all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation" of the law commonly called the Controlled Substances Act ("CSA"), codified at 21 U.S.C. §§ 801, *et seq.*, punishable by more than one year's imprisonment. The defendant real property is more fully described as:

> **Apartment Unit 8C Executive Towers, according to the Declaration of Horizontal Property Regime recorded December 22, 1971, in Docket 9138, Page 409, and according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 144 of Maps, Page 43.**
>
> **Together with an undivided appurtenant interest in and to the common elements, as set forth in said Declaration and as shown on said plat.**

## JURISDICTION, VENUE, AND GOVERNING LAW

2.  This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345, because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture incurred under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1), because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred. This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. §§ 983 & 985, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, in particular Rule G.

## STATEMENT OF FACTS

3.  Jonathan S. Hoekstra is the owner and title-holder of the defendant property, which

he bought in 2002. He also is called "Mr. Hoekstra" in this complaint.

4. Since he purchased the defendant property, Mr. Hoekstra has maintained it as his residence in Phoenix, Arizona, and controlled its use.

## HOEKSTRA'S DRUG-RELATED ACTIVITIES

5. Since at least November 1, 2007, Mr. Hoekstra, and others have conspired unlawfully to distribute and possess with intent to distribute controlled substances, principally methamphetamine, within the District of Columbia, the State of Arizona, and elsewhere. This is called "the conspiracy" in this complaint. Acts in furtherance of the conspiracy have taken place in the District of Columbia.

6. In the course of the conspiracy, on a number of occasions, Mr. Hoekstra has possessed at the defendant property controlled substances, principally methamphetamine, which were later distributed unlawfully in the District of Columbia by Mr. Hoekstra or his conspirators.

7. Between November 1, 2007, and May 17, 2008, Mr. Hoekstra several times has distributed unlawfully the controlled substance methamphetamine to one or more customers at one or more hotels in the District of Columbia.

8. On one or more occasions since November 1, 2007, Mr. Hoekstra has said that he travels to east coast cities such as Washington, D.C., to sell methamphetamine illegally in the District of Columbia.

9. On May 16, 2008, Mr. Hoekstra took a train from New York to Washington, D.C., in furtherance of the conspiracy.

10. In the District of Columbia in the evening of May 16, 2008, Mr. Hoekstra sold another person about 60 grams of suspected methamphetamine for $3400.

11. At about 1:05 a.m., on May 17, 2008, federal law enforcement agents arrested Mr.

Hoekstra at the Omni Shoreham Hotel in Washington, D.C., in room 713, where Mr. Hoekstra was staying at the hotel.

12. On May 17, 2008, law enforcement agents seized from Mr. Hoekstra's hotel room safe more than 400 grams of suspected methamphetamine.

13. From this same safe in Mr. Hoekstra's hotel room on May 17, 2008, agents seized two sealed, unlabeled packages, which contained more than $90,000 in cash.

14. From a concealed compartment in Mr. Hoekstra's black luggage bag in the hotel room, agents seized on May 17, 2008, more than 100 grams of methamphetamine.

**DEFENDANT PROPERTY'S USE IN HOEKSTRA'S DRUG-RELATED ACTIVITIES**

15. On May 19, 2008, law enforcement agents executed a search warrant at the defendant property.

16. When executing the search warrant on May 19, 2008, the agents seized between one and two grams of a crystal substance, suspected to contain the controlled substance methamphetamine, from a kitchen counter in the defendant property.

17. Additionally, on May 19, 2008, the agents seized a quantity of a crystal substance, suspected to contain methamphetamine from an area by a couch in the defendant property.

18. From the defendant property's master closet on May 19, 2008, the agents seized a quantity of a crystal substance, suspected to contain methamphetamine

19. On May 19, 2008, agents seized a digital scale of a type commonly used to measure quantities of controlled substances to prepare them for illegal sale.

20. This digital scale seized from the defendant property on May 19, 2008, had on it residue of a controlled substance.

21. When executing the search warrant on May 19, 2008, the agents seized from the

defendant property four glass pipes and two glass bongs, which had on them a burnt substance suspected to contain crystal methamphetamine.

22. The agents seized on May 19, 2008, from the defendant property three items that had secret compartments in them, including one aerosol spray can, which had a false bottom with suspected methamphetamine it, and two books with cut-out false compartments containing suspected methamphetamine.

23. On May 19, 2008, agents seized from the defendant property a money-counting device, of a sort commonly used to count cash paid in exchange for the unlawful sale of controlled substances.

24. An unlawful conspiracy to distribute and possess with intent to distribute controlled substances is a violation of 21 U.S.C. § 846, a part of the Controlled Substances Act punishable by more than one year's imprisonment.

25. Unlawfully maintaining a drug-involved premises is a violation of 21 U.S.C. § 856(a), a part of the Controlled Substances Act punishable by more than one year's imprisonment.

### COUNT ONE

1. The factual statements made in paragraphs 1 through 25 are re-alleged and incorporated by reference herein.

2. The defendant property is real property which was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*, punishable by more than one year's imprisonment.

3. As such, the defendant property is subject to forfeiture to the United States, pursuant to 21 U.S.C. § 881(a)(7).

*WHEREFORE*, the plaintiff prays that, as to the above-referenced defendant property, due

process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

/s/ Jeffrey A. Taylor
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY

/s/ William R. Cowden
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney

/s/ Barry Wiegand
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

## VERIFICATION

I, Paul J. Moloney, a Special Agent of the U.S. Drug Enforcement Administration, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this 3 day of June 2008.

_____
Paul J. Moloney,
Special Agent,
U.S. Drug Enforcement Administration

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
United States of America

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Property Identified As Unit 8C, 207 West Clarendon Avenue, Phoenix, Arizona, 85013

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barry Wiegand          (202) 307-0299
Assistant U.S. Attorney
555 4th Street, NW, Room 4818
Washington, DC 20530

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### [X] E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
[X] 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. §881(a)(7), forfeiture of all real property,...which is used to commit or to facilitate a violation of the Controlled Substances Act, codified at 21 U.S.C.§801 et seq.

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $    Check YES only if demanded in complaint
JURY DEMAND: ☐ YES   ☒ NO

VIII. RELATED CASE(S) IF ANY    (See instruction)   ☒ YES   ☐ NO   If yes, please complete related case form

DATE    SIGNATURE OF ATTORNEY OF RECORD *Barry Wiegand*
BARRY WIEGAND
ASSISTANT U.S. Attorney

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.